IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alex D. Taylor, | ) | C/A No.: 1:11-915-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| William Byars, Director of SCDC; Lloyd | ) | |
| Roberts, Chief of Pastoral Care Services | ) | |
| for SCDC; Van Bebber, Chaplin Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Alex D. Taylor, proceeding *pro se* and *in forma pauperis*, brings this action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is an inmate currently incarcerated at Lieber Correctional Institution ("LCI"), a facility of the South Carolina Department of Corrections ("SCDC"). Before the court is Defendants' Motion for Summary Judgment [Entry #39]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is dispositive, this Report and Recommendation is entered for review by the district judge.

I. Factual and Procedural Background

In his complaint filed April 20, 2011, Plaintiff alleges that Defendants have violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C.A. § 2000cc-1 ("RLUIPA") and his right to exercise his religion. Specifically,

Plaintiff alleges that he is a practitioner of the religion of the Temple of Shetaut Neter and that Defendants have violated his rights by denying his request to have the religion recognized as an official faith in the SCDC. [Entry #1]. Defendants' motion for summary judgment argues that Plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies.

Defendants filed their motion for summary judgment on December 20, 2011. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #40]. Plaintiff timely filed a response in opposition to Defendant's motion on January 20, 2012 [Entry #45] and Defendants filed a reply [Entry #51]. This motion having been fully briefed, it is now ripe for review. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motion for summary judgment be granted.

II.     Discussion

        A.      Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a

genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.    Analysis

Defendants contend that they are entitled to summary judgment because Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotation omitted) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. 81, 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

Here, Plaintiff's inmate record reveals he has not exhausted his administrative remedies. Specifically, SCDC Branch Chief of Inmate Grievances Ann Hallman attests to the following:

> In reviewing [Plaintiff's] 37 grievances, I have determined that none of the grievances complain that SCDC does not officially recognize Shetaut Neter as a religion. In addition, none of the grievances complain that SCDC chaplains or other officials failed to properly process any request that Shetaut Neter be officially recognized as a religion in accordance with SCDC policy PS-10.05 entitled "Inmate Religion."

Hallman Aff., ¶ 3 [Entry #39-2] Additionally, Hallman notes that although Plaintiff has filed grievances complaining that he cannot receive religious texts through the mail, those grievances do not contain allegations concerning the recognition of Shetaut Neter as an official religion. *Id.* at ¶ 4; *see also* Entry #39-2 at 4–10 (copies of the grievances).

In response to Defendants' motion, Plaintiff argues that the grievances attached to Hallman's affidavit[1] constitute exhaustion of his administrative remedies because they complain that he is being prohibited from exercising his religion. [Entry #45 at 3–5]. However, a review of the grievances reveal that Plaintiff did not complain that Shetaut Neter had not been officially recognized as a religion by SCDC. [Entry #39-2 at 4–10]. In fact, he makes no allegation that he had initiated the process to seek official recognition of the religion, that the process outlined in SCDC Policy PS-10.05 was not complied with, or that Shetaut Neter had been denied official recognition by the acts of any SCDC officials. *Id.* Instead, Plaintiff complains only that he cannot receive religious materials through the mail while housed in the Special Management Unit.[2] Therefore, because he has failed to exhaust his administrative remedies regarding Defendants' alleged failure to recognize Shetaut Neter as an official religion, the undersigned recommends Defendants' motion for summary judgment be granted.

III. Conclusion

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment [Entry #39] be granted and this case be dismissed without prejudice.

---

[1] Plaintiff also attached the grievances to his brief in support of the verified complaint. [Entry #30-8].

[2] Plaintiff previously filed an action in this court complaining that he was not able to receive religious texts while housed in the SMU. *See Taylor v. Ozmint*, C/A No.: 1:09-915-TLW; *see also Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.")

IT IS SO RECOMMENDED.

May 23, 2012                              Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).